**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____ Chapter __7__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    **06/24**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Mercury Capital Advisors Group GP, LLC |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 80-0472073 |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** <br><br> 280 Park Avenue, 36th Floor <br> New York, NY 10017 <br> Number, Street, City, State & ZIP Code <br><br> New York <br> County | **Mailing address, if different from principal place of business** <br><br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.mercurycapitaladvisors.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5239

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☒ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1,
attach a separate list

| | | |
|---|---|---|
| Debtor District | See Attachment _____ | Relationship _____ |
| | When _____ | Case number, if known _____ |

---

**11. Why is the case filed in *this district?***

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds** .

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☒ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☒ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/13/2024
               MM / DD / YYYY

**X**    /s/ John Franklin                                    John Franklin
         Signature of authorized representative of debtor      Printed name

Title    Managing Partner

**18. Signature of attorney**    **X**    /s/ David McGrail                      Date    12/12/2024
                                          Signature of attorney for debtor               MM / DD / YYYY

David McGrail
Printed name

McGrail & Bensinger LLP
Firm name

888-C 8th Avenue #107
New York, NY 10019
Number, Street, City, State & ZIP Code

Contact phone    646-285-8476          Email address    dmcgrail@mcgrailbensinger.com

3954229  NY
Bar number and State

Debtor  Mercury Capital Advisors Group GP, LLC                          Case number (*if known*) _____
        Name

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number (*if known*) _____ Chapter ___7___

☐ Check if this an amended filing

---

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

Debtor      Mercury Capital Advisors Group, LP            Relationship to you        Affiliate
District    Southern District of New York      When   12/14/2024    Case number, if known
Debtor      Mercury Capital Advisors, LLC                 Relationship to you        Affiliate
District    Southern District of New York      When   12/14/2024    Case number, if known

---

# United States Bankruptcy Court
## Southern District of New York

In re    Mercury Capital Advisors Group GP, LLC

                     Debtor(s)

Case No. _____

Chapter    7

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    Mercury Capital Advisors Group GP, LLC    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

IVC Hermes Holdings, Inc.

☐ None [*Check if applicable*]

| 12/12/2024 | /s/ David McGrail |
|---|---|
| Date | |

Signature of Attorney or Litigant
Counsel for    Mercury Capital Advisors Group GP, LLC

David McGrail
McGrail & Bensinger LLP
888-C 8th Avenue #107
New York, NY 10019

The undersigned, being all of the members of the Board of Managers[1] (the "Board") of Mercury Capital Advisors Group GP, LLC, a Delaware limited liability company (the "Company"), whose consent is required for a bankruptcy filing of the Company do, hereby consent in writing to the adoption of the following resolutions, effective as of the date hereof (the "Effective Date"), pursuant to Section 15(d) of the Company's Amended and Restated Limited Liability Company Agreement, dated November 1, 2019 (as modified, the "Operating Agreement"), such action to have the same force and effect as a unanimous vote of the Managers of the Company at a meeting duly called and held, and hereby consent to the taking of the actions referred to in such resolutions:

**WHEREAS**, the Company is the general partner of Mercury Capital Advisors Group, LP ("MCA Group", and together with the Company and all their respective direct and indirect subsidiaries, the "Firm"). MCA Group is a Delaware limited partnership that holds, directly or indirectly, 100% of the issued and outstanding ownership interests in each of the Firm's subsidiaries, including (i) Mercury Capital Advisors, LLC (together with the Company and MCA Group, the "U.S. Entities"), (ii) Mercury Capital Advisors Group Ltd. and Mercury Capital Advisors LLP (together, the "U.K. Subsidiaries"), (iii) Mercury Capital Hermes Holdings, Inc., a member of Mercury Capital Advisors LLP (the "MCA Member"), and (iv) three subsidiaries formed and historically operating in each of India, Portugal and Singapore.

**WHEREAS**, during a duly convened meeting of the Board on November 3, 2024, during which all Managers serving on the Board were present, the Board agreed to explore several strategic options to address the Firm's liquidity profile, and sought legal advice in this regard with respect to the U.S. and U.K. from the Firm's external counsel, Katten Muchin Rosenman LLP ("Katten");

**WHEREAS**, Katten has, since its engagement been advising the Firm on considerations relating to the potential pursuit of certain strategic alternatives in the U.S. and U.K.;

**WHEREAS**, during a subsequent duly convened meeting of the Board on December 2, 2024, during which all Managers serving on the Board (including Independent Manager, Bradley

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Operating Agreement.

Scher) as well as Katten were present, the Board preliminary concluded to seek a Chapter 7 filing and a creditors' voluntary liquidation with respect to the Firm's U.S. and U.K. subsidiaries and businesses, respectively (including the Company, but excluding the MCA Member), pending a closer review of all of the Firm's known liabilities and payment obligations as well as any new contingent liabilities reasonably anticipated to arise if the Firm were to cease operations as a whole;

**WHEREAS**, during a subsequent duly convened meeting of the Board on December 4, 2024, during which all Managers serving on the Board (including Independent Manager, Bradley Scher) were present, the Board recognizing that the U.S. Entities, the U.K. Subsidiaries and the MCA Member will no longer be able to generate sufficient revenues in the ordinary course of business to continue operations, determined in the exercise of its business judgment and based on advice of counsel that it is desirable and in the best interests of the Company, the U.S. Entities, the U.K. Subsidiaries, the MCA Member, and each of their respective stakeholders, creditors, and other parties in interest to (i) voluntarily file petitions for relief under Chapter 7 of the United States Bankruptcy Code for the U.S. Entities (the "Chapter 7 Cases"), (ii) initiate a creditors' voluntary liquidation for the U.K. Subsidiaries under the Insolvency Act of 1986 and the Limited Liability Partners Act of 2000 (the "CVL Process"), and (iii) voluntarily wind-down and dissolve the MCA Member at the conclusion of the CVL Process (the "Dissolution", and together with the CVL Process and the Chapter 7 Cases, collectively, the "Bankruptcy Case");

**WHEREAS**, the Board further determined that it would be appropriate for Mr. John Franklin, a Manager of the Board and a managing partner of the Company, to be authorized on behalf of the Company, the U.S. Entities, the U.K. Subsidiaries, and the MCA Member as applicable, to (i) take all actions to initiate the Bankruptcy Case, alongside any Firm employee(s) designated by Mr. Franklin to assist in the processes, and (ii) engage such advisors, consultants and U.K. liquidators, insolvency practitioners and other advisors as necessary to effect the same;

**WHEREAS**, the Board further desires to ratify Mr. Franklin's authority to have engaged in any discussions to date with relevant legal and professional advisors, consultants, liquidators, and insolvency practitioners in furtherance of exploring and/or initiating any bankruptcy or insolvency proceedings of Firm entities; and

**WHEREAS**, the Board has determined in its business judgment that the following resolutions are advisable and in the best interests of the Company, the U.S. Entities, the U.K. Subsidiaries, the MCA Member, and each of their respective stakeholders, creditors, and other parties in interest.

**NOW, THEREFORE, BE IT RESOLVED**, that on or after the Effective Date, the Company shall seek to commence the Chapter 7 Cases for the U.S. Entities in accordance with applicable law and hereby authorizes Mr. Franklin, acting on behalf of the Company and the U.S. Entities to (i) initiate the Chapter 7 Cases with respect to each of the U.S. Entities, (ii) designate, in Mr. Franklin's discretion, one or more Firm employees to assist in the Chapter 7 Cases, subject to the approval of the Chapter 7 trustee to be appointed in the Chapter 7 Cases, and (iii) engage such advisors and consultants as deemed necessary or desirable to effect the filing of the Chapter 7 Cases;

**RESOLVED, FURTHER,** that on or after the Effective Date, the Company shall seek to initiate the CVL Process for the U.K. Subsidiaries and in due course the Dissolution of the MCA Member, each in accordance with applicable law, and hereby authorizes Mr. Franklin, acting on behalf of the Company, the U.K. Subsidiaries and the MCA Member to (i) take all actions to initiate and lead the CVL Process with respect to the U.K. Subsidiaries and the eventual Dissolution of the MCA Member, (ii) designate, in Mr. Franklin's discretion, one or more Firm employees to assist in the CVL Process and the eventual Dissolution of the MCA Member, and (iii) engage such advisors, consultants and liquidators, and insolvency practitioners as deemed necessary or desirable to effect the CVL Process and the Dissolution of the MCA Member;

**RESOLVED, FURTHER,** that each of Mr. Franklin, the other Managers and officers is authorized to act as signatory on behalf of the applicable Firm entities in respect of the foregoing matters, and each is authorized to execute and file on behalf of the applicable Firm entities all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions deemed necessary or proper to obtain such relief; and

**RESOLVED, FURTHER**, that the Company hereby ratifies Mr. Franklin's authority to have engaged in any discussions to date with relevant professional advisors, consultants and U.K. liquidators, and insolvency practitioners in furtherance of exploring and/or initiating any bankruptcy or insolvency proceedings of Firm entities.

## <u>GENERAL AUTHORITY</u>

**RESOLVED**, that any specific resolutions that may be required to have been adopted by the Company in connection with the matters contemplated by the foregoing resolutions be, and the same hereby are, adopted, and that each officer or Manager of the Company be, and each hereby is, authorized in the name and on behalf of the Company to certify as to the adoption of any and all such resolutions;

**RESOLVED, FURTHER**, that Mr. John Franklin and the other Managers and officers of the Company be, and each of them acting alone hereby is, authorized and directed, in the name and on behalf of the Company, the U.S. Entities, the U.K. Subsidiaries, and the MCA Member, as applicable, to take such actions as they may deem necessary or advisable in connection with commencing and prosecuting the Bankruptcy Case, and to seek such orders from the U.S. Bankruptcy Court (and its equivalent in the U.K.) as any of them may deem necessary, appropriate, or advisable during the pendency of the Bankruptcy Case and, in connection therewith, to execute and file with the U.S. Bankruptcy Court (and its equivalent in the U.K.) such motions, applications, pleadings, certifications, affidavits, or other materials as any of them may deem necessary, appropriate, or advisable and to retain all assistance from legal counsels, liquidators, insolvency practitioners and other advisors, including McGrail & Bensinger LLP in the U.S. and Leonard Curtis (UK) Limited in the U.K., and to take any and all actions they deem necessary, appropriate, or advisable in connection with the Bankruptcy Case.

**RESOLVED, FURTHER**, that Mr. John Franklin and the other Managers and officers of the Company be, and each of them acting alone hereby is, authorized and directed, in the name and on behalf of the Company, the U.S. Entities, the U.K. Subsidiaries, and the MCA Member, as applicable, to execute and deliver, or to cause to be executed and delivered, all such other agreements, instruments, certificates and documents, to do or cause to be done all such

3

further acts and things, and to pay or cause to be paid all necessary fees and expenses (including, without limitation, legal, financial, advisory, accountant, auditor, and liquidator fees and expenses), as they or any of them may deem necessary or advisable to effectuate the purpose and intent of the foregoing resolutions, such approval to be conclusively evidenced by the taking of any such action or the execution and delivery of any such instrument by Mr. Franklin or such other Manager or officer;

**RESOLVED, FURTHER**, that any and all action heretofore taken by Mr. Franklin or any other Manager or officer of the Company in connection with the actions, documents and transactions referred to or contemplated by the foregoing resolutions are hereby ratified, approved and confirmed; and

**RESOLVED, FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of each Firm entity or applicable law, or hereby waives any right to have received such notice.

[*Signature Page Follows*]

Each of the undersigned, constituting all the members of the Board, has hereunto set his hand effective as of the Effective Date.

DocuSigned by:

DBB94BEFF31D427...

Name:  Abbas Rizvi

DocuSigned by:

8FD334FB569647A...

Name:  Yusef Yusef

DocuSigned by:

183991B246B644F...

Name:  Anthony Maniscalco

DocuSigned by:

F1F9CB71F4FA4C5...

Name:  John Franklin

DocuSigned by:

2B12426C5183439...

Name:  Bradley Scher

# United States Bankruptcy Court
## Southern District of New York

In re   Mercury Capital Advisors Group GP, LLC

Debtor(s)

Case No.

Chapter   7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ..................................................................... $      62,500.00

   Prior to the filing of this statement I have received ........................................................ $      62,500.00

   Balance Due ....................................................................................................... $      0.00

2. The source of the compensation paid to me was:

   ☐ Debtor      ☒ Other (specify):      Mercury Capital Advisors Group, LP

3. The source of compensation to be paid to me is:

   ☒ Debtor      ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   Representation of the debtor in any litigation, including any adversary proceeding.

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

12/12/2024

*Date*

/s/ David McGrail

*Signature of Attorney*
David McGrail
McGrail & Bensinger LLP
888-C 8th Avenue #107
New York, NY 10019

*Name of law firm*

# United States Bankruptcy Court
## Southern District of New York

In re    Mercury Capital Advisors Group GP, LLC        Case No. _____
                               Debtor(s)        Chapter    7 _____

# VERIFICATION OF CREDITOR MATRIX

I, the Managing Partner of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    12/13/2024                  /s/ John Franklin _____

                                      John Franklin/Managing Partner
                                      Signer/Title

American Express Travel Related Services
18850 N. 56th St.
Phoenix, AZ 85054


Andrew Osofsky
25 Broad Street, Apt 10N
New York, NY 10004


Bonnie Jin
148 E. 24th St., Apt. 14B
New York, NY 10010


Cerasia Law LLC
Attn: Edward Cerasia II
One Liberty Plaza
165 Broadway, 23rd Floor
New York, NY 10006


CSC Global
251 Little Falls Drive
Wilmington, DE 19808-1674


Cynthia Ho
245 Manhattan Ave.
Brooklyn, NY 11211


Delaware Department of Finance
Carvel State Office Building,
820 N. French St., 8th Floor
Wilmington, DE 19801


Delaware Division of Revenue
Attn: Bankruptcy Administrator
Carvel State Building 820 N. French St.
Wilmington, DE 19801


DISA Global Solutions, Inc.
P.O. Box 737769
Dallas, TX 75373-7769


Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346


Intuit Inc.
2800 E. Commerce Center Place
Tucson, AZ 85706


Investcorp International Inc.
280 Park Avenue, 36th Floor
New York, NY 10017

Jeffrey S. Davis
542 Lake Avenue
Greenwich, CT 06830


John Franklin
2 Wago Ave.
Armonk, NY 10504


John Marsh
7155 Whittlebury Trail
Bradenton, FL 34202


Justin M. Garrod
38 Lafayette Drive
Livingston, NJ 07039


Kelly Gardner
304 E. 65th Street, 30C
New York, NY 10065


Mandel Bhandari LLP
Attn: Robert Glunt
80 Pine Street, 33rd Floor
New York, NY 10005


Michael Dunham
98 Somerset Drive
Avon, CT 06001


Michael Graver
40 E. 9th Street, Apt. 12H
New York, NY 10003


NYS Department of Finance and Taxation
Bankruptcy Section,
P.O. Box 5300
Albany, NY 12205


TriNet Group, Inc.
One Park Place, Suite 600
Dublin, CA 94568


Vik Salh
303 Wythe Ave.
Brooklyn, NY 11249