YANN GERON, Chapter 7 Trustee
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com

*Presentment Date: February 4, 2025*
*At: 12:00 noon*

*Objection Date: February 3, 2025*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| MERCURY CAPITAL ADVISORS GROUP GP, LLC, | : | Case No. 24-12326-dsj |
| | : | |
| | : | |
| Debtor. | : | |

-----------------------------------------------------------------x

**APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF RKC, LLC D/B/A RK CONSULTANTS, LLC, AS ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF DECEMBER 18, 2024**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), the chapter 7 trustee of the estate of Mercury Capital Advisors Group GP, LLC (the "Debtor"), the above-captioned debtor, as and for his application (the "Application"), for an order, pursuant to 11 U.S.C. § 327(a), authorizing the Trustee's retention and employment of RKC, LLC d/b/a RK Consultants, LLC ("RK") as his accountants herein, effective as of December 18, 2024, respectfully sets forth and represents:

**Jurisdiction**

1. This Court has jurisdiction over this case and Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Introduction

2. On December 14, 2024[1] (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") [DE 1]. The Trustee was subsequently appointed interim Chapter 7 trustee of the Debtor's estate and is currently serving in that capacity.

3. The Debtor is a Delaware limited liability company which, prior to the Petition Date, conducted business in New York State from its principal place of business located at 280 Park Avenue, 36th Floor, New York, New York 10017. The Debtor is the general partner of related debtor, Mercury Capital Advisors Group, LP, which, upon information and belief, prior to the Petition Date, (i) advised and raised private equity, credit, infrastructure and real estate funds from institutional investors globally, (ii) had extensive expertise in raising capital for select companies, assets and portfolios of interests, and (iii) had a secondary advisory practice which provided comprehensive solutions to managers and owners of alternative asset portfolios seeking to leverage the secondary market to achieve their objectives.

## Relief Requested

4. By this application, the Trustee seeks authority to retain RK as his accountants herein, effective as of December 18, 2024, pursuant to Section 327(a) of the Bankruptcy Code to, among other things, perform the following tasks:

(a) Analyzing the financial history of the Debtor prior to the date of the filing of the petition under Chapter 7, as the Trustee and RK consider necessary.

---

[1] On the same date, the following related debtors also filed Chapter 7 bankruptcy cases: Mercury Capital Advisors Group, LP (Case No. 24-12327-dsj), and Mercury Capital Advisors, LLC (Case No. 24-12328-dsj). Mr. Geron was also appointed interim Chapter 7 trustee of these related bankruptcy estates.

(b) Verifying and evaluating, as necessary, the physical existence of all material assets and liabilities that the Trustee considers necessary.

(c) Analyzing transactions with insiders, related and/or affiliated parties for a period(s) directed by the Trustee, and identify potential preferential transfers, fraudulent conveyances, and/or other potential causes of action.

(d) Identifying and preparing an analysis of all assets and liabilities, that the Trustee considers necessary.

(e) Attending meetings and conferring with representatives of the Trustee and his counsel.

(f) Providing supporting documentation and/or reports to substantiate alleged insider and preferential transfers and/or fraudulent conveyances and present our findings in Court, under oath, if necessary.

(g) Preparing federal, state and local tax returns on behalf of the Trustee.

(h) Performing other services that the Trustee and RK may deem necessary as accountants to the Trustee.

5. RK intends to work closely with the Trustee and any other professionals the Trustee has retained or may retain in this case to ensure that there is no duplication of services performed or charged to the Debtor's estate.

6. RK has indicated a willingness to act on behalf of the Trustee and to render the necessary professional services as accountants to the Trustee.

7. Subject to this Court's approval, RK will charge for its accounting services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature which are in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith as set forth in the affidavit of Karl Knechtel, CPA (the "Knechtel Affidavit"), a copy of which is annexed as Exhibit A.

8.      RK intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules, orders of this Court, and the Guidelines promulgated by the United States Trustee. Compensation will be payable to RK in compliance with the above rules, on an hourly basis, plus reimbursement of its actual and necessary expenses.

9.      To the best of the Trustee's knowledge, and as set forth in the annexed Knechtel Affidavit, RK has not performed any services for or on behalf of the Debtor, and thus, RK is not a creditor of the Debtor's estate.

10.     To the best of the Trustee's knowledge and as disclosed in the annexed Knechtel Affidavit, (i) RK does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained; (ii) RK is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code; (iii) neither RK nor its professionals have any connection with the Debtor, its estate, or creditors; and (iv) RK's employment is necessary and in the best interests of the Trustee, the Debtor's estate and creditors.

11.     No application has been made for the relief requested herein to this or any other Court.

(continued on the next page)

**WHEREFORE**, the Trustee respectfully requests that an order be entered, substantially in the form annexed as <u>Exhibit B</u>, authorizing him to employ and appoint RK as his accountant herein effective as of December 18, 2024, and that he be granted such other and further relief as is just.

Dated:  New York, New York
January 13, 2025

*s/ Yann Geron*

Yann Geron, Chapter 7 Trustee of the Estate
of Mercury Capital Advisors Group GP, LLC
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com