UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                : Chapter 7
                                                     :
MERCURY CAPITAL ADVISORS GROUP GP,                   : Case No. 24-12326-dsj
LLC,                                                 :
                                                     :
                        Debtor.                      :
-----------------------------------------------------------------x

# DECLARATION OF DISINTERESTEDNESS IN SUPPORT OF APPLICATION TO EMPLOY RKC, LLC D/B/A RK CONSULTANTS, LLC, AS ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF DECEMBER 18, 2024

I, Karl Knechtel, declare:

1. I am a Founder of RKC, LLC d/b/a RK Consultants, LLC ("RK"), a boutique consulting firm providing accounting services in all aspects of bankruptcy proceedings to clients in the New York metro area.

2. I am familiar with the matters set forth herein and make this affidavit in support of the application (the "Application") of Yann Geron, Chapter 7 trustee (the "Trustee") of the estate of Mercury Capital Advisors Group GP, LLC (the "Debtor"), the above-captioned debtor to employ RK as his accountants in this case, effective as of December 18, 2024.

3. The Trustee seeks to retain RK because of RK's experience and knowledge in the field of insolvency matters under Chapter 7 and 11 of the Bankruptcy Code. RK has been actively involved in major Chapter 7 and 11 cases as financial advisors to unsecured creditor committees, secured creditors, debtors, chief restructuring officers, trustees, and examiners in the Southern District of New York and the Eastern District of New York.

4. The professionals at RK have assisted and advised varies parties in numerous bankruptcy cases, including trustees, debtors, and creditors.

5.      The Trustee chose RK to act as his accountants in this case in large part based upon the experience outlined above. The Trustee believes that RK's services are necessary for the Trustee to administer the Chapter 7 case and in furtherance of the Trustee's obligations to protect the interests of and maximize value for all unsecured creditors. Moreover, based on the experience of RK's professionals as outlined above, the Trustee believes that RK is well-qualified to provide such services in a cost-effective, efficient and timely manner.

6.      RK will provide such accounting and financial advisory services to the Trustee and his legal advisors as they deem appropriate and necessary to advise the Trustee during the course of the case including but not limited to:

(a) Analyzing the financial history of the Debtor prior to the date of the filing of the petition under Chapter 7, as the Trustee and RK consider necessary.

(b) Verifying and evaluating, as necessary, the physical existence of all material assets and liabilities that the Trustee considers necessary.

(c) Analyzing transactions with insiders, related and/or affiliated parties for a period(s) directed by the Trustee, and identify potential preferential transfers, fraudulent conveyances, and/or other potential causes of action.

(d) Identifying and preparing an analysis of all assets and liabilities, that the Trustee considers necessary.

(e) Attending meetings and conferring with representatives of the Trustee and his counsel.

(f) Providing supporting documentation and/or reports to substantiate alleged insider and preferential transfers and/or fraudulent conveyances and present our findings in Court, under oath, if necessary.

(g) Preparing federal, state and local tax returns on behalf of the Trustee.

(h) Performing other services that the Trustee and RK may deem necessary as accountants to the Trustee.

7.      RK intends to communicate regularly with the Trustee and his other professionals to ensure that the actual accounting and financial advisory services performed are appropriate

based on the status of the case and needs of the Trustee. The services to be rendered by RK, which services may be subject to modification at the Trustee's request, are necessary to enable the Trustee to faithfully execute its statutory duties to the creditors.

8. The members of RK are Karl Knechtel and Brian K. Ryniker.

9. Insofar as I have been able to ascertain, RK does not hold and do not represent any interest adverse to the Trustee, the Debtor, its creditors, landlords, professionals or any other party in interest herein, or any of its respective attorneys or professionals, except as disclosed herein.

10. In connection with its proposed retention by the Trustee, RK undertook to determine whether RK had any conflicts or any other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Trustee, the Debtor or its estate. Specifically, RK obtained from the Court's docket, the names of individuals and entities that may be parties in interest in this Chapter 7 case or otherwise have material connections to this case, including all creditors disclosed on the Debtor's schedules, all contract counterparties identified on the Debtor's schedule of executory contracts, all transferees identified on the Debtor's statement of financial affairs, and all of the Debtor's affiliates disclosed on the Debtor's schedules, as detailed on the annexed **Exhibit 1** (collectively, the "Potential Parties in Interest"). RK has searched its electronic database for its connections to the entities and people listed on the Potential Parties in Interest list. RK also had the Potential Parties in Interest list reviewed by the RK personnel working on this matter in order to ascertain all of RK's connections to those entities and people.

11. Based on the conflicts search conducted to date, to the best of my knowledge, neither RK, nor any owner, member, managing director, director or consultant thereof, insofar as I have been able to ascertain, has any connection, with the Trustee, the Debtor, its creditors, or any

other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, any District Judge currently serving on the United States District Court for the Southern District of New York, or the Clerk and Deputy Clerk of the United States Bankruptcy Court for the Southern District of New York.

12. RK has not undertaken and shall not undertake the representation of any other entity in this case while RK is retained to represent the Trustee except that RK is proposed accountants to the Trustee who was also appointed in the related cases of Mercury Capital Advisors Group, LP (Case No. 24-12327-dsj), and Mercury Capital Advisors, LLC (Case No. 24-12328-dsj).

13. RK will continue to conduct periodic conflict analyses to determine whether it is performing or has performed services for any Potential Parties in Interest, and RK will promptly update this affidavit to disclose any material developments regarding pertinent relationships that come to RK's attention.

14. RK has represented, and continues to represent, Yann Geron, in his capacity as trustee in other unrelated Chapter 7 cases filed in the United States Bankruptcy Courts for the Southern and Eastern Districts of New York. In each of those matters, RK has been retained to represent Mr. Geron, pursuant to an order duly entered by the appropriate Bankruptcy Court pursuant to Section 327 of the Code, the Federal Rules of Bankruptcy Procedure, any pertinent Local Bankruptcy Rules, and the applicable United States Trustee Guidelines.

14. As part of its practice, RK has worked with and may continue to work with certain of the attorneys in matters unrelated to this Chapter 7 case. I am presently unaware of any such

instances in which RK has been retained or has retained certain of the other professionals in this case.

15. RK has not received a retainer, advance or any other property of the Debtor or other person in connection with its representation of the Trustee, except as set forth herein.

16. To the best of my knowledge, after due inquiry, RK (a) is not a creditor, and is not an equity security holder or an "insider" of the Debtor, as that term is defined in section 101(31) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"); (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker, or for any other reason. Accordingly, I believe RK is "disinterested", as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

17. Subject to court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to RK's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred.

18. RK's current hourly rates for matters related to this Chapter 7 case range as follows:

Members $450- $500
Directors $325- $400
Staff $100- $250

19. These hourly rates are consistent with the rates that RK charges its other clients generally, regardless of the location of the case.

20. These standard hourly rates are subject to periodic adjustment, typically on June 1, which shall be noted on the invoices for the first time period in which the revised rates become effective.

21. It is RK's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also RK's policy to charge its clients only the amount actually incurred by RK in connection with such items. Examples of such expenses include overnight mail, courier delivery, transportation, overtime expenses, computer-assisted research and photocopying.

22. This Declaration is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). RK intends to apply to this Court for compensation for professional services rendered in connection with this case. RK has not agreed nor will it agree to share its compensation for its services with any person (other than members of RK) and no understanding or agreement exists between RK and any other person for the sharing of any compensation received or to be received by any person for services rendered, or to be rendered, in any capacity whatsoever in connection with this case and no agreement or understanding prohibited by section 504 of the Bankruptcy Code has been made by RK.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 10th day of January 2025

                                                          _s/ Karl Knechtel_
                                                          Karl Knechtel

## Exhibit 1

*Mercury Capital Advisors Group GP, LLC, Debtor; Case No. 24-12326-dsj*
*Conflicts Search List*

**Judge**
- Honorable David S. Jones
- Lynda Calderon (Courtroom Deputy)
- Kate Christensen (Law Clerk)
- Vincent Puzak (Law Clerk)
- Oyin Falana (Law Clerk)

**Debtor**
- Mercury Capital Advisors Group GP, LLC
- John Franklin, Managing Partner and Board Member
- Abbas Rizvi, Board Member
- Yusef Yusef, Board Member
- Anthony Maniscalco, Board Member
- Bradley Scher, Board Member
- IVC Hermes Holdings, Inc., Equity Owner
- Gabriel Mairzadeh, Secretary
- Laura Coquis, Manager (Board of Managers)

**Related Debtors and Entities**
- Mercury Capital Advisors Group, LP
- Mercury Capital Advisors, LLC
- Mercury Capital Hermes Holdings, Inc.

**Debtor's Counsel**
- McGrail & Bensinger LLP

**United States Trustee**
- William K. Harrington, United States Trustee
- Linda Riffkin, Assistant United States Trustee
- Annie Wells, Trial Attorney

**Creditors and Parties in Interest**
- Katten Muchin Rosenman LLP
- Alan A. Pardee
- American Express Travel Related Services
- Andrew Osofsky
- BDO USA, P.C.
- Bonnie Jin
- Cerasia Law LLC
- CSC Global

- Cynthia Ho
- Delaware Department of Finance
- Delaware Division of Revenue
- DISA Global Solutions, Inc.
- Internal Revenue Service
- Intuit Inc.
- Investcorp International Inc.
- Jeffrey S. Davis
- John Marsh
- Justin M. Garrod
- Kelly Gardner
- Mandel Bhandari LLP
- Matthew Cantore
- Michael Dunham
- Michael Graver
- NYS Department of Finance and Taxation
- TriNet Group, Inc.
- Vik Salh