GERON LEGAL ADVISORS LLC
Yann Geron
Nicole N. Santucci
Alejandro J. Urquides
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

*Attorneys for Yann Geron, Chapter 7 Trustee*

**Presentment Date: May 28, 2026**
**At: 12:00 noon (EST)**

**Objection Deadline: May 27, 2026**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>MERCURY CAPITAL ADVISORS GROUP GP, LLC<br><div align="right">Debtor</div> | Chapter 7<br>Case 24-12326 (DSJ) |
| In re:<br>MERCURY CAPITAL ADVISORS GROUP, LP<br><div align="right">Debtor</div> | Chapter 7<br>Case 24-12327 (DSJ) |
| In re:<br>MERCURY CAPITAL ADVISORS, LLC<br><div align="right">Debtor</div> | Chapter 7<br>Case 24-12328 (DSJ) |

### APPLICATION TO EMPLOY AMINI LLC AS SPECIAL LITIGATION COUNSEL TO CHAPTER 7 TRUSTEE

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRPUTCY JUDGE

Yann Geron (the "Trustee"), solely in his capacity as chapter 7 trustee ("Trustee") of the estates of Mercury Capital Advisors Group GP, LLC, Mercury Capital Advisors Group, LP, and Mercury Capital Advisors, LLC ("MCA", and collectively, the "Debtors"), by his general bankruptcy counsel, Geron Legal Advisors LLC, as and for his application for entry of an Order, pursuant to 11 U.S.C. §§ 327 and 328(a), FRBP 2014(a) and LBR 2014-1, approving the retention and employment of Amini LLC ("Amini") as the Trustee's special litigation counsel, respectfully sets forth and represents:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.     On December 14, 2024, the Debtors filed voluntary petitions for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") [DE 1]. The Trustee was subsequently appointed interim chapter 7 trustee of the Debtors' estates, has since qualified as the permanent trustee, and is currently serving in that capacity.

5.     MCA, the primary operating entity for the Debtors, was engaged in the business of raising capital from institutional investors for a variety of clients, including hedge funds and private equity funds.  It was also a FINRA-registered broker-dealer.

6.     The majority of the claims filed against the Debtors' estates are principally made by its ultimate parent Investcorp International Inc. ("Investcorp"), which has asserted a secured and unsecured claims, plus employment related claims asserted by the Debtor's former officers, directors, managers, and other employees.

## BASIS FOR RELIEF REQUESTED

7.     The Trustee wishes to investigate circumstances surrounding the commencement of the Debtors' cases, including whether their commencement adversely impacted the value of their estates as compared to other bankruptcy alternatives. The Trustee also wishes to investigate prepetition transactions between Investcorp and the Debtor, including liens asserted, the overlap

2

between the management of the Debtors and Investcorp, and prepetition transfers made to Investcorp. Furthermore, the Trustee has unanswered questions concerning the Debtors' books and records, particularly as related to Investcorp transactions. As a result, the Trustee has determined that is necessary to retain Amini as his special litigation counsel to investigate and, if warranted, bring causes of action (the "Services").

8. Amini's Services are necessary for the Trustee to faithfully execute his duties and responsibilities, including the analysis of and, to the extent appropriate, the pursuit of, possible estate claims. Amini is willing to act on the Trustee's behalf as his special litigation counsel on the terms and conditions set forth below. It is anticipated that as part of the Services, Amini will conduct formal and informal discovery and, depending on the outcome of its investigation, commence actions, and engage in settlement negotiations on behalf of the Trustee.

9. Amini specializes in complex business litigation, including bankruptcy and trial work and has experience representing chapter 11 and chapter 7 trustees as special litigation counsel. The attorneys at Amini have represented numerous panel trustees in this district and around the country in connection with investigations into the financial affairs of debtors and litigations arising from the same.

10. Accordingly, the Trustee believes that Amini is well qualified to represent him and requests entry of an order approving the retention of Amini as his special litigation counsel.

**EMPLOYMENT TERMS**

11. Subject to the Court's approval, the Trustee proposes to retain Amini on a hybrid hourly-contingency fee basis, with Amini's hourly fees for its Services capped at $100,000, plus a contingency fee of 33-1/3% of any recoveries resulting from the Services.

12. With respect to the contingency fee portion, Amini will earn a contingency fee in the amount of 33-1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini pursues, whether through settlement, suit or otherwise, which the Trustee directs Amini to pursue on behalf of the Debtors' estates. The contingency fee will be calculated after deducting any reasonable expense reimbursements owed to Amini, and which contingency fee amount will be reduced by any hourly fees already earned by Amini for Services relating to the underlying investigations.

13. With respect to the hourly portion, Amini will charge for its Services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered. Amini's current hourly rates are set forth in the Samet Declaration, which is annexed as Exhibit A. The Trustee submits that such rates are reasonable and customary. Again, its hourly fees will be capped at $100,000. To the extent there is insufficient cash to pay allowed hourly fees, Amini will share pro rata with other allowed administrative expense creditors, in accordance with 11 U.S.C. § 726(b).

14. Amini will seek reimbursement for all of its actual, reasonable and necessary out-of-pocket disbursements incurred in connection with its representation of the Trustee on a hybrid basis: Amini will initially cap its investigation expenses at $5,000, without prejudice to further application to increase that cap as expenses are incurred and funds are available, and Amini will seek to recover its expense reimbursements in connection with any resulting claims and causes of action out of any recoveries obtained. If the Trustee determines, based upon the results of the investigation and upon the advice of counsel, that litigation is warranted, in no event will Amini be required to advance an individual expense exceeding $5,000 and in no event will Amini be required to advance expert, e-discovery or deposition expenses absent a separate agreement with

4

the Trustee, subject to Court approval. Amini will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such litigation.

15. To the extent that Amini's Services result in a reduction of claims against the Debtors' estates, compensation for such reduction shall be paid (subject to application and Court approval) in an amount and manner to be negotiated in good faith between Amini and the Trustee, but in no event to exceed 33-1/3% of such claim reduction.

16. Amini shall seek compensation for services and reimbursement of expenses in accordance with 11 U.S.C. § 330, FRBP 2016 and LBR 2016-1 and 2016-2.

17. Amini has not agreed nor will it agree to share compensation received in connection with this case with any other person, except at permitted by 11 U.S.C. § 504(b).

18. 11 U.S.C. § 328(a) authorizes the employment of a professional person "on any reasonable terms and conditions of employment." The fees and expenses to be paid to Amini and the terms of employment, as set forth herein and the Samet Declaration, are reasonable given the scope and extent of the Services that Amini will render in these cases.

### DISINTERESTEDNESS

19. As set forth in the Samet Declaration, Amini conducted a search of its client database to determine whether it had any relationship with the Debtors, or any of their officers, insiders or creditors. Based on that review, Amini informed the Trustee that it does not hold or represent any interest adverse to the Trustee or the Debtors' estates.

20. Amini has also informed the Trustee that it has no connection with the Debtors, their creditors or other parties in interest in these cases. As such, the Trustee believes that Amini is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

5

21. Accordingly, the Trustee respectfully requests that the Court authorize him to retain and employ Amini to represent and assist the Trustee in carrying out his duties and render the Services described herein.

22. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form annexed as Exhibit B, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: New York, New York
   April 27, 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee*

By:  */s/ Yann Geron*
   Yann Geron
   Nicole N. Santucci
   Alejandro J. Urquides
   370 Lexington Avenue, Suite 1208
   New York, New York 10017
   (646) 560-3224
   ygeron@geronlegaladvisors.com
   nsantucci@geronlegaladvisors.com
   aurquides@geronlegaladvisors.com

Amini LLC
*Proposed Special Litigation Counsel for*
*Yann Geron, Chapter 7 Trustee*

*/s/ Avery Samet*
Avery Samet
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com