**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>MERCURY CAPITAL ADVISORS GROUP GP, LLC<br><div align="right">Debtor</div> | Chapter 7<br>Case 24-12326 (DSJ) |
| In re:<br>MERCURY CAPITAL ADVISORS GROUP, LP<br><div align="right">Debtor</div> | Chapter 7<br>Case 24-12327 (DSJ) |
| In re:<br>MERCURY CAPITAL ADVISORS, LLC<br><div align="right">Debtor</div> | Chapter 7<br>Case 24-12328 (DSJ) |

<u>**DECLARATION OF AVERY SAMET**</u>

AVERY SAMET hereby declares:

1. I am a member of Amini LLC ("<u>Amini</u>"). This declaration is submitted pursuant to FRBP 2014 in support of the accompanying application to employ Amini as special litigation counsel (the "<u>Application</u>").

2. By the Application, Yann Geron, solely in his capacity as Chapter 7 trustee ("<u>Trustee</u>") seeks to employ Amini to investigate (whether by settlement or suit or otherwise) potential claims and causes of action belonging to the estates of the above-named debtors (together, the "<u>Debtors</u>").

3. Amini possesses the requisite experience and expertise to advise the Trustee as his special litigation counsel. Amini specializes in complex business litigation, bankruptcy, and trial work. Amini has experience representing Chapter 11 and Chapter 7 trustees as counsel.

4. In connection with this declaration, my firm conducted a search of Amini's client database to determine if it had or has any relationship with the Debtors or any party in interest. Among other things, my firm compared:

(a) all persons on the conflicts search list attached to the retention application of Geron Legal Advisors, LLC;

(b) all persons listed in the Debtors' respective schedules of assets and liabilities or statement of financial affairs,

(c) all persons that filed claims against any of the Debtors,

(d) all professionals employed by the Trustee in the Debtors' cases, and

(e) all persons that previously entered appearances in the Debtors' cases

with Amini's client database. Our review has indicated that Amini does not represent and has not previously represented any of the foregoing persons or entities in matters related to the Debtors or these cases. Based upon this database search, Amini does not hold or represent an interest adverse to the Debtors' estates.

5.     Amini regularly updates its client database and does not open any new matter without reviewing the information necessary to check each such matter conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Amini will continue to apply the conflicts and disclosure procedures to these cases as additional information concerning entities having a connection with any of the Debtors is developed and will file appropriate supplemental disclosure with the Court, as may be necessary.

6.     To the best of my knowledge and except otherwise as set forth herein, Amini is not connected with any of the Debtors, or their creditors, other parties in interest, their respective attorneys or accountants, the Office of the United States Trustee or any person employed by the Office of the United States Trustee, nor is any attorney or employee of Amini a relative of any United States Bankruptcy Judge in this district.

7.     To the best of my knowledge, after due inquiry, Amini does not, by reason of any direct or indirect relationship to or connection with the Trustee, the Debtors or other parties in interest, hold or represent any interest adverse to the Trustee, the Debtors or their estates.

8. To the best of my knowledge, after due inquiry, neither I, Amini, nor any member, counselor or associate of Amini represents any entity other than the Trustee in connection with these cases.

9. Amini is a "disinterested person" as defined under 11 U.S.C. § 101(14) in that it: (a) is not a creditor, an equity security holder, or an insider of any of the Debtors; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of any of the Debtors; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

10. Accordingly, Amini is eligible to represent the Trustee in carrying out his duties in these cases.

**COMPENSATION**

12. As set forth in the Application, the Trustee proposes to employ Amini on a hybrid hourly-contingency fee basis, with Amini's hourly fees capped at $100,000 plus a contingency fee of 33-13% of any resulting recoveries.

13. With respect to the hourly portion, Amini will charge for its services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered. Amini's current hourly rates are as follows: $725 to $1,050 for members; $500 to $625 for attorneys who are of counsel to the firm; $550 to $650 for associates; and $185 to $225 for paralegals.

14. Attorneys and paraprofessionals of Amini bill their time in one-tenth of an hour increments and its rates are subject to periodic adjustments to reflect economic and other conditions.

15. With respect to the contingency fee portion, Amini will earn a contingency fee in the amount of 33-1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini pursues, whether through settlement, suit or otherwise, which the Trustee directs Amini to pursue on behalf of the Debtors' estates, calculated after deducting any reasonable expense reimbursements owed to Amini, and which contingency fee amount will be reduced by any hourly fees already earned by Amini for services relating to the underlying investigations.

16. Amini will seek reimbursement for all of its actual, reasonable and necessary out-of-pocket disbursements incurred in connection with its representation on a hybrid basis: Amini will initially cap its investigation expenses at $5,000, without prejudice to further application to increase that cap as expenses are incurred and funds are available, and Amini will seek to recover its expense reimbursements in connection with any resulting claims and causes of action out of any recoveries obtained. If the Trustee determines, based upon the results of the investigation and upon the advice of counsel, that litigation is warranted, in no event will Amini be required to advance an individual expense exceeding $5,000 and in no event will Amini be required to advance expert, e-discovery or deposition expenses absent a separate agreement with the Trustee, subject to Court approval. Amini will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such litigation.

17. To the extent that Amini's services result in a reduction of claims against the Debtors' estates, compensation for such reduction shall be paid (subject to application and Court approval) in an amount and manner to be negotiated in good faith between Amini and the Trustee, but in no event to exceed 33-1/3% of such claim reduction.

20. Amini shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to 11 U.S.C. §§

330 and 331, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and applicable law.

23.     Neither I, nor Amini, nor any officer or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with these cases other than as permitted by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

24.     Amini has not agreed nor will it agree to share compensation received in connection with these cases with any other person, except as permitted by 11 U.S.C. § 504(b).

25.     Amini has not rendered any professional services to the Trustee in these cases.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of April, 2026.

/s/ Avery Samet
Avery Samet