**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| MERCURY CAPITAL ADVISORS GROUP GP, LLC | Case 24-12326 (DSJ) |
| Debtor | |
| In re: | Chapter 7 |
| MERCURY CAPITAL ADVISORS GROUP, LP | Case 24-12327 (DSJ) |
| Debtor | |
| In re: | Chapter 7 |
| MERCURY CAPITAL ADVISORS, LLC | Case 24-12328 (DSJ) |
| Debtor | |

## ORDER AUTHORIZING THE RETENTION OF AMINI LLC, AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE

Upon the application, dated April 27, 2026 (the "Application"), of Yann Geron (the "Trustee"), as chapter 7 trustee of the estates of Mercury Capital Advisors Group GP, LLC, Mercury Capital Advisors Group, LP, and Mercury Capital Advisors, LLC (collectively, the "Debtors"), the above-captioned debtors, seeking authority to employ and appoint Amini LLC ("Amini") as his special litigation counsel in the within cases, pursuant to 11 U.S.C. §§ 327 and 328(a); and upon the annexed declaration of Avery Samet, Esq. (the "Samet Declaration"), a founding member of Amini; and it appearing that Amini represents no interest adverse to the Debtors or their estates in the matters upon which it is to be engaged, that Amini is a disinterested party, and that the employment of Amini is necessary and would be in the best interests of the estates; and it appearing that good and sufficient notice of the presentment of this Order has been

provided; and no objections or responses having been filed or received; it is

*ORDERED*, that the Application is granted to the extent provided herein; and it is further

*ORDERED,* that Amini is authorized to perform the following tasks, among others, on behalf of the Trustee to: (i) investigate circumstances surrounding the commencement of the Debtors' cases, including whether their commencement adversely impacted the value of their estates as compared to other bankruptcy alternatives, (ii) investigate prepetition transactions between Investcorp[1] and the Debtor, including liens asserted, the overlap between the management of the Debtors and Investcorp, and prepetition transfers made to Investcorp, (iii) investigate unanswered questions concerning the Debtors' books and records, particularly as related to Investcorp transactions, and (iv) to the extent warranted, pursue claims on behalf of the Debtors' estates; and it is further

*ORDERED*, that all compensation and reimbursement of expenses to be paid to Amini shall be subject to prior application to, and award by, this Court, pursuant to 11 U.S.C. §§ 330 and 331, the Federal and Local Bankruptcy Rules, and any applicable orders of the Court including the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (General Order M-447); and it is further

*ORDERED*, that prior to any increases in Amini's rates for any individual retained by Amini and providing services in this case, Amini shall file a supplemental affidavit with the Court and provide ten business days' notice to the Trustee and the United States Trustee, provided however, that the terms "increases in Amini's rates" and "rate increases" as used herein shall not include annual "step increases" historically awarded by Amini in the ordinary course to attorneys

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

and para- professionals throughout the firm due to advancing seniority and promotion. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code; and it is further

ORDERED, that, notwithstanding any of the other provisions of the Application, the Samet Declaration or this Order, the United States Trustee and this Court retain all rights to respond and/or object to Amini's final request for compensation and reimbursement of expenses pursuant to the reasonableness standard set forth in Section 330 of the Bankruptcy Code, and it is further

ORDERED, that in the event of a discrepancy between the terms of this Order, the Application or the Samet Declaration, the terms of this Order shall prevail; and is it further

ORDERED, that, notwithstanding any provision to the contrary in the Application or the Samet Declaration, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated:   New York, New York
       May__, 2026

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION:**
New York, New York
May 12, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   _/s/ Annie Wells_____
     Annie Wells, Trial Attorney