GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee*
Yann Geron
Nicole N. Santucci
Alejandro J. Urquides
Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, NY 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

Hearing Date: June 16, 2026
At: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>MERCURY CAPITAL ADVISORS GROUP GP, LLC<br><div align="right">Debtor</div> | Chapter 7<br>Case 24-12326 (DSJ) |
| In re:<br>MERCURY CAPITAL ADVISORS GROUP, LP<br><div align="right">Debtor</div> | Chapter 7<br>Case 24-12327 (DSJ) |
| In re:<br>MERCURY CAPITAL ADVISORS, LLC<br><div align="right">Debtor</div> | Chapter 7<br>Case 24-12328 (DSJ) |

## REPLY IN SUPPORT OF APPLICATION TO EMPLOY AMINI LLC
## AS SPECIAL LITIGATION COUNSEL TO CHAPTER 7 TRUSTEE

Yann Geron, solely in his capacity as Chapter 7 trustee ("Trustee") of Mercury Capital Advisors Group, LP (the "LP Debtor"), its general partner Mercury Capital Advisors Group GP, LLC (the "GP Debtor"), and the LP Debtor's wholly-owned subsidiary Mercury Capital Advisors, LLC ("Broker-Dealer Debtor", and together with the LP and GP Debtors, the "Debtors") submits this reply in further support of his application ("Application") to employ Amini LLC ("Amini") as the Trustee's special litigation counsel [DE 40] and in response to the objection (the "Objection") [DE 44] of Investcorp International, Inc. ("Investcorp").

**INTRODUCTION**

1.      The only objecting party is the Debtors' corporate parent which is the custodian of substantially all of the Debtors' emails and corporate records.

2.      The reason for the Objection is not failure to satisfy the standard for employment under 11 U.S.C. § 327 but rather that one of the purposes of employment is to further investigate transactions with Investcorp.  Investcorp initially cooperated with the Trustee's investigation; however, when the Trustee requested further information concerning accounting issues and transactions under a receivables purchase agreement between it as purchaser and the Broker-Dealer Debtor as seller, Investcorp responded that the issues the Trustee raised were nonsense and ceased cooperating. As a result, the Trustee is without basic documents needed to conduct its investigation including senior management emails in Investcorp's custody.

3.      This refusal to further cooperate prompted the Application.

4.      The Objection in a nutshell is that the Trustee should not be permitted to employ special counsel even on a largely contingency basis because there is nothing to investigate and Investcorp has identified other sources of recovery e.g. from WestCap and placement fees[1].

5.      The Objection should be overruled.  Insiders under investigation do not get to dictate the scope of the Trustee's investigation.

6.      Investcorp should be required to turnover PSTs of the Debtors' senior management and below-described documents needed to finish the investigation.

---

[1] The Objection fails to mention that there is a direct interplay between the Debtors and Investcorp relating to these fees as a result of certain receivables purchase agreements. The Trustee reserves all rights in this regard.

## BACKGROUND

7. The Debtors commenced these Chapter 7 cases on December 24, 2024, several months after having engaged Katten Muchin Ronseman LLP to evaluate strategic alternatives in the face of reduced liquidity.

8. The Trustee is hamstrung in conducting the 11 U.S.C. § 704(a)(4) investigation by the absence of a complete set of corporate records of the Debtors.

9. While some documents were provided by Investcorp, those produced to date show that an investigation cannot be completed without obtaining additional documents from it given the integration of the two companies' operations. Among other things, there is substantial overlap in management; Investcorp personnel handled all of the Debtors' accounting and certain other functions, including IT and approval of receivables purchase transactions; and Investcorp is in custody of the Debtors' emails. Indeed, the Debtors' CEO had an @investcorp.com email address.

10. The Trustee requested certain missing documents pertinent to filed claims and receivables purchase transactions from Investcorp. For example, for $3.8 million in purported receivable purchase transactions, the Trustee is missing the complete documentation, such as the required Debtor requests-to-sell and Investcorp purchase confirmations as provided for in the parties' putative agreement. Among other things, the Trustee had requested copies of all receivable purchase documents.

11. The Trustee also requested an accounting due to reconciliation issues such as collections without a recorded assignment.

12. Investcorp refused to produce anything in response or provide an accounting. Instead, it claimed that the Trustee's allegations are nonsense, that the Trustee misunderstands the basic facts of this case, and that prepetition audits obviate the need for investigation.

13. Investcorp urged the Trustee to obtain the requested documents from elsewhere even though it is in custody of same while the Trustee is not.

14. Its response prompted the subject Application, which Investcorp objected to without addressing any of the matters raised in the Trustee's prior correspondence.

## ARGUMENT

15. Investcorp does not claim Amini LLC is ineligible for employment because it cannot. Rather, it argues employment is not in the estates' best interests because there exist other claimed sources of recovery (none of which have yielded value to date, and as to which no evidence was submitted), the Broker Dealer Debtor's records were previously audited and the Trustee's accountants have not shown any "improper or inaccurate maintenance of records" and purportedly "were satisfied" with "the valuation methodology underlying the Company's prepetition purchase of certain receivables".

16. This does not warrant denial of the Application.

17. The Trustee is entitled to engage counsel "without interference from creditors" let alone insider creditors. *In re Kirchner*, 2010 WL 1855861, at *5 (Bankr. E.D. Pa. May 5, 2010) (quoting 3 Collier on Bankruptcy ¶327.04[1]).

18. "Only in the rarest cases will the trustee be deprived of the ability to select qualified counsel". *Id.*

19. "The discretion of the bankruptcy court [to approve/deny employment] must be exercised in a way that it believes best serves the objectives of the bankruptcy system [taking into account] the interests of the bankruptcy estate and its creditors, and the efficient, expeditious and economical resolution of the bankruptcy proceeding." *In re AroChem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999) (quoting 3 Collier ¶327.04[1][a]).

4

20. Here, Amini LLC's employment would serve bankruptcy objectives by permitting investigation of Investcorp's claims and receivables purchase transactions in the face of Investcorp's refusal to cooperate with same, on a largely contingency basis no less.

21. Such investigation is needed to fulfill the Trustee's duties under 11 U.S.C. § 704(a)(4) and maximize estate value. *In re Martin*, 91 F.3d 389, 394 (3d Cir. 1996) (trustee duty to conduct investigation, marshal assets and maximize estate value runs to "*all* creditors of the estate").

22. Employment is also appropriate given that the only conceivable reason for filing a corporate Chapter 7 case is to provide transparency to creditors. *In re Qquilino*, 135 F.4th 119, 125 (3d Cir. 2025) ("To effectuate its core purpose … our bankruptcy system demands openness and transparency").

23. Employment at this juncture is particularly important given that there are only six months before the 11 U.S.C. § 546(a) deadline expires.

24. The Court should therefore overrule the Objection and grant the Application.

25. In addition, the Court should direct immediate turnover from Investcorp of:

- Emails of Debtors' senior management.

- Copies of all receivable purchase transaction documents including invoices, Schedules C/D and reconciliation of same to revenue.

- Invoices and documents showing collections for each engagement including receivables purchased outside of the receivables purchase agreement.

- Detail supporting any approved write-offs of accounts receivables owed to the Debtors.

- Documents concerning Debtors' right to collect from WestCap and placement fees.

The Trustee is clearly entitled to such documents under 11 U.S.C. § 542(e).

WHEREFORE, the Objection should be overruled, the Application should be granted, and the Court should grant such other and further relief as it deems appropriate.

Dated: New York, New York
June 11, 2026

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee*

By:   */s/ Yann Geron*
      Yann Geron, Esq.
      Nicole N. Santucci, Esq.
      Alejandro J. Urquides, Esq.
      370 Lexington Avenue, Suite 1208
      New York, New York 10017
      (646) 560-3224
      ygeron@geronlegaladvisors.com
      nsantucci@geronlegaladvisors.com
      aurquides@geronlegaladvisors.com