Avery Samet
Jeffrey Chubak
Ariel Moore
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
amoore@aminillc.com
Special Litigation Counsel for
Yann Geron, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>MERCURY CAPITAL ADVISORS GROUP GP, LLC<br><div align="right">Debtor</div> | Chapter 7<br><br>Case 24-12326 (DSJ) |
| In re:<br>MERCURY CAPITAL ADVISORS GROUP, LP<br><div align="right">Debtor</div> | Chapter 7<br><br>Case 24-12327 (DSJ) |
| In re:<br>MERCURY CAPITAL ADVISORS, LLC<br><div align="right">Debtor</div> | Chapter 7<br><br>Case 24-12328 (DSJ) |

**APPLICATION OF YANN GERON, CHAPTER 7 TRUSTEE FOR ORDER**
**PURSUANT TO FRBP 2004 AUTHORIZING EXAMINATION OF INVESTCORP**
**INTERNATIONAL, INC. AND PRODUCTION OF DOCUMENTS**

Yann Geron, solely in his capacity as Chapter 7 trustee ("Trustee") of Mercury Capital

Advisors Group, LP ("MCA LP"), its general partner Mercury Capital Advisors Group GP, LLC

("MCA GP"), and MCA LP's wholly owned subsidiary Mercury Capital Advisors, LLC ("MCA

LLC," and together with MCA LP and MCA GP, the "Debtors"), by and through his special

litigation counsel, hereby moves to examine and obtain document discovery from Investcorp

International, Inc. ("Investcorp") concerning the matters described in Exhibit 1, pursuant to FRBP

2004, and states:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

3.      MCA LLC was a FINRA-registered broker-dealer that generated revenue through participation and placement fees from raising capital for private equity funds.

4.      The Debtors commenced these Chapter 7 cases on December 14, 2024.

5.      Investcorp is the Debtors' corporate parent.

6.      Investcorp has also filed claims against the Debtors, including a $2.6 million purported secured claim against each Debtor.

7.      Investcorp has advised that prepetition certain of the Debtors' employees were transferred to Investcorp but continued to perform responsibilities for the Debtors pursuant to secondment arrangements. In addition, certain Investcorp officers including its general counsel performed similar roles on behalf of the Debtors.

8.      During the four-year period preceding these cases, the Debtors purportedly transferred at least two dozen receivables totaling at least $25 million generated by MCA LLC to Investcorp. Certain transactions appear to have purportedly been governed by a receivables purchase agreement dated February 25, 2021. The Trustee is missing a complete set of assignment documents for many such transactions[1] and has no purchase or assignment documents for other assigned receivables.

---

[1] The agreement required that each transaction be memorialized by among other things a duly completed Purchase Request made by MCA LLC (Schedule C) and a Purchase Confirmation made by Investcorp (Schedule D).

9. The Trustee also identified certain transactions made to the Debtors' international affiliates, including Mercury Capital Advisors Group Ltd. (located in the United Kingdom), Mercury Capital Advisors Pte. Ltd. (located in Singapore), Mercury Capital Advisors Unipessoal Lda. (located in Portugal), and Mercury Capital Advisors India Private Limited. These transactions were purportedly excluded from the Debtors' general ledger with no known explanation.

10. The Trustee accordingly seeks information concerning these transactions, including information concerning their rationale, how the receivables were selected, the valuations of the transactions, the exchange of funds under these transactions, full documentation, including all Schedules C and D, for each transaction, as well as communications concerning their negotiation or performance.

11. In addition, Investcorp claims the Debtors are entitled to payments from WestCap Management, LLC ("WestCap") as a result of the Debtors' placement of funds with WestCap.

12. The Trustee likewise seeks information concerning WestCap and the assignment of (or collection) of any Debtor rights to payment by Investcorp. Because of their close relationship, the Trustee seeks information concerning any liability or asset (including rights to payment) of the Debtors in Investcorp's possession, custody or control.

13. In general, the Trustee seeks discovery concerning the corporate governance of the Debtors and the protocols governing Investcorp's management and control of the Debtors. The Trustee also wishes to investigate the commencement of the Debtors' bankruptcy cases and any transactions made to the Debtors' international affiliates.

## **RELIEF REQUESTED AND BASIS THEREFOR**

14. By this application, the Trustee seeks authorization to serve a FRBP 2004 subpoena commanding the production of documents related to corporate governance, assignment of

receivables to and collection of MCA LLC invoices by Investcorp, transactions with WestCap and the commencement of the Debtors' bankruptcy cases.

15. To the extent Investcorp has already produced responsive non-email documents it should so indicate, because the Trustee is not seeking documents already in the Trustee's custody. To the extent any documents have been withheld based on privilege the Trustee seeks a privilege log to assess the asserted privilege.

16. The Trustee also seeks to examine a corporate representative of Investcorp concerning the foregoing matters.

17. FRBP 2004 is intended, inter alia, to permit the Trustee to determine the extent of the estate's assets and recover those assets. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991).

18. FRBP 2004(c) provides that "an entity may be compelled under Rule 9016 to attend [the examination] and produce documents or electronically stored information."

19. The scope of the examination is broad and includes "the debtor's acts, conduct, or property," "the debtor's liabilities and financial condition," and "any matter that may affect the administration of the debtor's estate."

20. The scope of discovery under FRBP 2004(b) is broader than under Fed. R. Civ. P. 26(b) and includes document requests. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); *In re FiberMark, Inc.*, 330 B.R. 480, 492 (Bankr. D. Vt. 2005). *See also In re Parikh*, 397 B.R. 518, 525-26 (Bankr. E.D.N.Y. 2008) ("Rule 2004 examination has been likened to a 'fishing expedition'").

21. Good cause exists for FRBP 2004 discovery if it is "necessary to establish the claim of the party seeking the examination, or if the denial of such request would cause the examiner

undue hardship or injustice." *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004).

22.     This standard is satisfied.  The requested FRBP 2004 discovery is directed to documents and communications concerning potential insider transactions between Investcorp and the Debtors, and estate assets. Denial of such relief would frustrate the Trustee's ability to conduct a fulsome investigation of the Debtors' financial affairs pursuant to 11 U.S.C. § 704(a)(4).

23.     The Trustee is also entitled to the requested documents pursuant to 11 U.S.C. § 542(e) by virtue of the fact that Investcorp is in control of books, documents, records and papers relating to the Debtors' property or financial affairs.

## **<u>NOTICE</u>**

24.     This application is being made on notice to Investcorp.

## **<u>NO PRIOR REQUEST</u>**

25.     No prior request for the relief sought in this application has been made to this Court or to any other court.

WHEREFORE, the Trustee requests that the Court grant the relief requested in this Application and such other and further relief as the Court deems just and proper.

Dated: New York, NY
      June 26, 2026

Amini LLC

<u>/s/ Jeffrey Chubak</u>
Avery Samet
Jeffrey Chubak
Ariel Moore
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
amoore@aminillc.com
Special Litigation Counsel for
Yann Geron, Chapter 7 Trustee