**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- X

In re:                 :      Chapter 7

MERCURY CAPITAL ADVISORS GROUP  :   Case No. 24-12326 (DSJ)
GP, LLC,
            Debtor             :

In re:                 :      Chapter 7

MERCURY CAPITAL ADVISORS      :   Case No. 24-12327 (DSJ)
GROUP, LP,
            Debtor             :

In re:                 :      Chapter 7
                              :      Case No. 24-12328 (DSJ)
MERCURY CAPITAL ADVISORS, LLC,  :
            Debtor             :

--------------------------------------------------------- X

### INVESTCORP OBJECTION TO CHAPTER 7 TRUSTEE'S REQUEST FOR AN ORDER UNDER FRBP 2004 AUTHORIZING EXAMINATION OF INVESTCORP INTERNATIONAL, INC. AND PRODUCTION OF DOCUMENTS

Investcorp International, Inc. ("Investcorp") by and through its counsel, hereby submits

this objection (the "Objection") to the Application of Yann Geron, Chapter 7 Trustee ("Trustee")

For Order Pursuant To FRBP 2004 Authorizing Examination of Investcorp International, Inc. and

Production of Documents (the "Motion"), which attached FRBP 2004 Topics and Document

Requests (the "Requests").

1. The only reason the Motion is before the Court is because the Trustee sat on this

case for over nineteen months, apparently without securing the Debtors' documents and

information. Now, facing a self-inflicted statute of limitations problem, the Trustee demands that

Investcorp produce documents that are almost certainly located in the Debtors' files, and which

the Trustee could have previously obtained with minimal diligence. The Trustee claims that he

"is not seeking documents already in the Trustee's custody" (Dkt. 50 ¶ 15), but it is clear he has

no idea what is even in his custody.  Investcorp should not be burdened with doing the Trustee's

work for him.

2.      It is within this Court's sound discretion to deny the Trustee's requested relief.  *See*

*In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017).  Discovery under FRBP 2004

"is not limitless" and "should not encompass matters that will be unduly burdensome . . . and

duplicative of previously furnished information."  *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr.

S.D.N.Y. 1987).

3.      The Trustee's Motion should be denied because the vast majority of the documents

that the Trustee seeks from Investcorp are very likely already in his custody and control.  That is

because the Trustee is primarily asking Investcorp to search for and produce copies of the *Debtors'*

documents, to the extent such copies happen to be in Investcorp's files.  By way of example, the

Trustee seeks from *Investcorp*:

- the Debtors' operating and partnership agreements;

- the Debtors' documents and communications concerning certain agreements;

- the Debtors' documents and communications concerning the determination to commence the Debtors' bankruptcy cases; and

- the Debtors' documents concerning bankruptcy alternatives considered by the Debtors.

Dkt. 50-1 at 2–3.  Such documents must be contained in the Debtors' files, which the Trustee has

the ability to access.  *See* Ex. 1 at 2–3.

4.      Specifically, Investcorp understands that the Debtors' files are located on cloud

services provided by Smarsh and RFA, which are part of the Trustee's estate.  Investcorp further

understands that the Trustee has requested access to those cloud services, which should be within

his power to obtain.  Nevertheless, the Trustee has demanded to move forward with his Motion

against Investcorp even though he is likely to obtain all the information that he seeks, and a far more complete record of the Debtors' files, from those cloud services.

5.      The only reason the Trustee is insisting on moving forward with this Motion—even as he seeks access to the Debtors' actual files—is because he has failed to act diligently in this case.  Over a year ago, the Trustee was given unfettered access to the Debtors' offices and information, with former employees of the Debtors available to assist him.  The Trustee never personally visited the Debtors' offices or personally sought information.  Instead, he appointed accountants to request documents on his behalf.  To Investcorp's knowledge, no document requested by the accountants was ever refused, and the accountants stopped requesting information in or around February 2025.  The fact that the Trustee waited until now to even seek access to the Debtors' full records is outrageous and does not justify his request to make Investcorp search for documents on his behalf, most of which Investcorp is unlikely to have anyway.

6.      Notwithstanding the Trustee's dilatory conduct, Investcorp has nevertheless continued working cooperatively with the Trustee.  For example, Investcorp facilitated the turnover of Mercury backup drives from Smarsh and RFA that were in the possession of former Mercury employees, which Investcorp understands were obtained to satisfy regulatory record-retention requirements.  Investcorp also obtained passwords to those drives that the Trustee apparently could not obtain from Smarsh directly, and has already agreed to produce certain categories of documents from its own files, to the extent such documents are actually relevant and not duplicative of the Debtors' files.[1]  Investcorp has even offered to make the few former employees of Mercury who are now employed at Investcorp available to the Trustee (in their capacities as seconded Mercury employees) in order to provide reasonable assistance if the Trustee

---

[1] Investcorp objects to certain requests that have absolutely no bearing on the loan and receivables transactions that are the stated basis for the Trustee's investigation, such as the Trustee's request for Investcorp's code of ethics.

requires help understanding the information in his possession. Despite all of this, the Trustee has insisted on moving forward with this Motion even though he has not yet even reviewed all of the documents on the drives that Investcorp helped him obtain.

7. Given the above, the Trustee should be required to complete his review of the Debtors' files that he is able to access before pursuing Investcorp for documents. *See In re Transmar Commodity Grp. Ltd.*, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) ("Courts will not order Rule 2004 discovery when the burden on the producing party outweighs the benefits to the requesting party."). The Trustee's reliance on 11 U.S.C. § 542(e) does not compel a different result; that statute addresses turnover by whoever holds the Debtors' records and does not require Investcorp to reproduce documents the Trustee can obtain from the Debtors' own files within his control. In the alternative, Investcorp requests that the Court narrow the Trustee's requests so that Investcorp does not have to search for and produce documents that are, or should be, duplicative of files in the Trustee's custody.

## **RESERVATION OF RIGHTS**

8. Investcorp expressly reserves, and does not waive, its right to amend, modify, or supplement this Objection and to object to the Requests once they are served on any grounds that governing law permits. Investcorp expressly preserves and does not waive its right to assert the attorney-client privilege or any other privilege recognized under governing law with respect to any discovery sought by the Trustee.

Dated: New York, New York
July 31, 2026

GIBSON, DUNN & CRUTCHER LLP


By: *Mitchell A. Karlan*
 Mitchell A. Karlan
 Adam J. Jantzi
 GIBSON, DUNN & CRUTCHER LLP
 200 Park Avenue
 New York, New York  10166-0193
 212.351.4000
 mkarlan@gibsondunn.com
 ajantzi@gibsondunn.com

*Attorneys for Investcorp International, Inc.*