Avery Samet
Jeffrey Chubak
Ariel Moore
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
amoore@aminillc.com
Special Litigation Counsel for
Yann Geron, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>MERCURY CAPITAL ADVISORS GROUP GP, LLC<br>Debtor | Chapter 7<br>Case 24-12326 (DSJ)<br>Re: ECF #50 |
| In re:<br>MERCURY CAPITAL ADVISORS GROUP, LP<br>Debtor | Chapter 7<br>Case 24-12327 (DSJ) |
| In re:<br>MERCURY CAPITAL ADVISORS, LLC<br>Debtor | Chapter 7<br>Case 24-12328 (DSJ) |

**REPLY OF YANN GERON, CHAPTER 7 TRUSTEE IN FURTHER SUPPORT OF MOTION FOR ORDER PURSUANT TO FRBP 2004 AUTHORIZING EXAMINATION OF INVESTCORP INTERNATIONAL, INC. AND PRODUCTION OF DOCUMENTS**

Yann Geron, solely in his capacity as Chapter 7 trustee of the above-named Debtors,[1]

submits this reply in further support of his FRBP 2004 motion to examine Investcorp and for

document discovery and states:

---

[1] Mercury Capital Advisors, LLC is an SEC-registered broker-dealer that raised capital for private funds for a fee ("Broker-Dealer Debtor"), Mercury Capital Advisors Group, LP is its corporate parent ("LP Debtor") and Mercury Capital advisors Group GP, LLC is that entity's general partner ("GP Debtor", and together with the Broker-Dealer and LP Debtors, the "Debtors").

1.    Investcorp International, Inc. ("Investcorp") acquired the Debtors in 2019,[2] and has filed multi-million dollar claims against each Debtor (24-12326 Claim #7, 24-12327 Claim #2-3, 24-12328 Claim #5) on account of a credit agreement and promissory notes and is in practical terms custodian of the Debtors' books and records.  Per the GP Debtor's statement of financial affairs ("SOFA") (24-12326 ECF #5 Item 28), four out of the five members of its board of managers are Investcorp officers.[3]  Gabriel Mairzadeh, the sole GP Debtor officer listed there (id.) is (Exhibit 1) Investcorp's general counsel.  The LP and Broker-Dealer Debtor's SOFAs list one such board member, John Franklin, as their managing partner.  (24-12327 ECF #7, 24-12328 ECF #7 Item 28.)  Mr. Franklin, who signed each Debtor's petition and certified their schedules and SOFAs, has been at Investcorp since 1997 (Exhibit 2) and is now chief of staff to its executive chairman.  Each Debtor's SOFA lists Matthew Cantore (24-12326 ECF #5, 24-12327 ECF #7, 24-12328 ECF #7 Item 26a.1) as custodian of its books and records.  He was previously (Exhibit 3) the Debtors' assistant controller and is now an Investcorp vice president.

2.    As such, Investcorp was required under 11 U.S.C § 521(a)(3)-(4) and § 542(e) to turn over the Debtor's books and records and cooperate with the trustee's 11 U.S.C. § 704(a)(4) investigation.

3.    For a period, Mr. Cantore did produce a significant volume of Debtor records to the trustee's accountant.  However, those productions did not include basic documents such as emails of the Debtors' officers, corporate governance documents etc.

---

[2] See https://www.investcorp.com/investcorp-announces-strategic-investment-in-mercury-capital-advisors.

[3] The only one who isn't is Bradley Scher of Ocean Ridge Capital Advisors, LLC, a professional fiduciary.  The remaining individuals listed have Investcorp addresses.

4.      Investcorp ceased producing documents altogether when the accountant raised questions about missing receivable purchase transaction documents (ECF #50 ¶8), necessitating the employment of special counsel and this motion.[4]

5.      Despite this, Investcorp argues that (ECF #62-1 at 3-4) it should not be required to produce documents it claims "should be contained in the Debtors' files"; and (ECF #61 ¶¶6-7) that because Investcorp has shared "backup drives from Smarsh and RFA that were in the possession of former Mercury employees", and "has already agreed to produce certain categories of documents from its own files",[5] it should be relieved of FRBP 2004 document discovery until the trustee "complete[s] his review of the Debtors' files that he is able to access".

6.      This argument should be rejected.  The proposed FRBP 2004 subpoena seeks not only Debtor emails but additional Debtor documents in Investcorp's custody and responsive Investcorp documents as well.  Production of backup drives of the Debtors' own emails back to it is insufficient to satisfy Investcorp's discovery obligations under FRBP 2004, particularly given its relationship with the Debtor.  *See In re Mantolesky*, 14 B.R. 973, 976 (Bankr. D. Mass. 1981) (Rule 205, the predecessor to FRBP 2004 "provides all interested parties a mechanism for the investigation and reconstruction of the debtor's affairs.  That mechanism may cut a broad swath through the debtor's affairs, those associated with him and those who might have had business

---

[4] Investcorp's claim of "unfettered access" and that "no document requested by the accountants was ever refused" (ECF #61 ¶5) are false.  Investcorp never responded to the trustee's January 20, 2026 letter requesting additional documents concerning such transactions (e.g. Schedules C-D for various transactions) except to state (Exhibit 4) that the claims under investigation are "nonsense" and "not worth responding to in any detail".

[5] About the only documents Investcorp agreed to produce (ECF #62-1 at 3) are minutes of the GP Debtor's board of managers but only "insofar as they relate to [Investcorp's] loan or the receivables transactions that are the subject of your Discovery Requests", not even all such minutes, even though all belong to the GP Debtor.  No such documents have been produced to date.

dealings with him.  Further, those persons who might have been closely connected with the debtor in his business arrangements, or who even participated in them, will most likely to be exposed to the most extensive inquiry"); *In re Johns-Manville Corp.*, 42 B.R. 362 (S.D.N.Y. 1984) (similar); 8B C.J.S. Bankruptcy § 837, "Scope of inquiry, generally" (citing *Manville*) ("A Rule 2004 examination of a third party may be exploratory and groping, and may cut a broad swath through the debtor's affairs, those associated with the debtor and those who might have had business dealings with the debtor").

7.      Moreover, it is hardly certain at this stage that all Debtor emails have even been produced.  The RFA and Smarsh drives were not produced until July 21, 2026 and password access to the latter was not provided until July 29, 2026.  The trustee conveyed to Investcorp before the objection was even made (Exhibit 5) that the RFA drive does not include a significant volume of responsive documents including for example emails from 2023-.  The Smarsh production is two drives, one of which only has emails from March 2017.  The other has emails organized into around 2,000 folders not organized by custodian.  Each folder has thousands of email files covering only a one-, two- or three-day period.  The trustee's special litigation counsel is working diligently to categorize these to determine the extent to which emails from which custodians from the key period (years immediately preceding the petition date) are there and which may be missing, but at this stage it is not even clear if the trustee is even in custody of the emails needed for his investigation.

8.      To the extent Investcorp is in custody of responsive documents organized in the manner kept in the ordinary course of business as required by FRCP 45(e)(1)(A) it should be required to produce same, as the Smarsh drive does not comply.

9.      Particularly given the 11 U.S.C. § 546(a) deadline (December 14, 2026), the belated production of Smarsh and RFA drives should not relieve Investcorp from document discovery.

Investcorp's claim that that this is a "self-inflicted statute of limitations problem" (ECF #61 ¶1) is false. The situation Investcorp now finds itself in is the natural result of its cutting off access to the trustee and his accountant.

10. The principal decision Investcorp relies upon, *In re Transmar Commodity Group Ltd.*, 2018 WL 4006324 (Bankr. S.D.N.Y. Aug. 17, 2018) has no application. There, the Court denied FRBP 2004 document discovery of "AMERRA" concerning "Cocoa Origins Africa" given the trustee's prior receipt "of at least 5,942 documents concerning the phrase 'Cocoa Origins Africa' that he obtained from parties other than AMERRA." *Id*. at *9. Here, no such showing has been made. Instead, Investcorp contends without evidence only that "the documents that the Trustee seeks from Investcorp are very likely already in his custody and control." (ECF #61 ¶3.) It is unrealistic to expect the trustee to obtain documents concerning for example receivables purchase transactions from third parties given that such transactions are between the Broker-Dealer Debtor and Investcorp.

11. Further, no evidence has been submitted on the issue of burden presented by searching Investcorp's network drive(s) for responsive documents (e.g. Schedules C-D) or producing responsive Investcorp emails such as those sent to/from Messrs. Franklin's or Cantore's @investcorp.com email addresses.

12. As to Investcorp's claim that the trustee is not entitled to the requested documents under 11 U.S.C. § 542(e) because the statute "does not require Investcorp to reproduce documents the Trustee can obtain from the Debtors' own files within his control" (ECF #61 ¶7), that is false and no such limitation exists in the statute. In any event the trustee is not seeking documents already within his custody (ECF #50 ¶15), and no evidence has been shown that the requested documents were within his custody when this motion was made or are all on the RFA or Smarsh drives password access to which was not even given until two days before the objection.

13. No basis exists for Investcorp's alternative request (ECF #61 ¶7) to narrow the scope of document discovery before a subpoena has issued and before FRCP 45(d)(2)(B) objections have been served. Discovery objections are properly addressed in the manner contemplated by ¶7 of the proposed order (ECF #50-2) which mirrors the form of order linked in the Chambers Rule on FRBP 2004 discovery.

WHEREFORE, the Court should grant the motion and such other and further relief as it deems just and proper.


Dated: New York, NY
     August 7, 2026

Amini LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
Ariel Moore
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
amoore@aminillc.com
Special Litigation Counsel for
Yann Geron, Chapter 7 Trustee