GIBSON DUNN

Mitchell A. Karlan
Retired Partner
T: +1 212.351.3827
M: +1 917.370.5383
mkarlan@gibsondunn.com

Client: 03263-01707

March 10, 2026

<u>VIA E-MAIL</u>

Yann Geron
Geron Legal Advisors
370 Lexington Avenue, Suite 1208
New York, NY 10017

**Re:     Mercury Capital Advisors Group GP, LLC, Debtor; Case No. 24-12326-dsj
Mercury Capital Advisors Group, LP, Debtor; Case No. 24-12327-dsj
Mercury Capital Advisors, LLC, Debtor; Case No. 24-12328-dsj
<u>Confidential Settlement Communication Subject to FRE 408</u>**

Dear Mr. Geron:

I write in response to your letter dated January 20, 2026 (the "Letter"), and the subsequent call we had with you.

As we represented to you, there is no legal or factual basis for the allegations contained in Your letter that requires significant response.  However, your Letter reflects one misunderstanding in particular that requires correction.  In your Letter (and on our call), you stated that Investcorp's blanket lien only applied to certain receivables because, in February 2021, "Investcorp filed a <u>revised</u> UCC statement reflecting that Investcorp's blanket lien was amended to apply solely against certain purchased receivables."  Letter at 1.

You are wrong.  Nothing in the February 2021 amendment limits Investcorp's lien to certain receivables.   Rather, the February 2021 amendment states, on its face, that it was filed to notify parties in interest of a "collateral change."  That collateral change was necessitated to effectuate a sale of certain (encumbered) receivables to Investcorp by deleting "certain collateral" (*i.e.*, the present and future rights in certain receivables) from the applicable security package.  But all other collateral–other than the "certain collateral" deleted therein–clearly remained subject to Invsetcorp's blanket lien.  To be very specific, in part 8 of the February 2021 financing statement amendment, the "DELETE collateral" box is checked, and the "RESTATE covered collateral" box is unchecked.  Any reading to the contrary is nonsense.

The remaining scattershot allegations set forth in your letter are also nonsense.  While these allegations are not worth responding to in any detail (as they fail to make any coherent allegations or state a factual predicate for any colorable causes of action), I would simply note Investcorp's understanding that, as a regulated entity, pre-petition Mercury kept detailed records as evidenced by its clean pre-petition audits.  As chapter 7 trustee for the Mercury Debtor estates, you now have access to all of those records.  We urge you to review them rather than ask Investcorp for documents that you already have.

# GIBSON DUNN

Finally, I would note that, as the largest (albeit secured) creditor in these bankruptcy cases, my client has endeavored to work in a cooperative manner with you to maximize the limited value of these estates, which you have repeatedly acknowledged.  Yet, my client's consistent offers to enter into a reasonable "carve out" agreement have been rebuffed, while these cases have languished in Chapter 7 for well more than a year with no discernible progress.  Worse, given your apparent fundamental misunderstanding of the most basic facts of this case, as set forth in your letter, it appears that no discernible progress is likely to be made any time soon.

The assets of these Chapter 7 estates (in particular any receivables owned by the debtors) continue to degrade every day that you delay in collecting them.  Absent meaningful progress in the near term, we will be forced to consider our remedies, including, but not limited to, filing a motion with the bankruptcy court seeking relief from the automatic stay.  My client reserves all rights.

Regards,

Mitchell A. Karlan